39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William J. CAMUTI, Defendant-Appellant.
 No. 93-3349.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1994.
 
 Before TACHA, LOGAN and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendant William J. Camuti appeals his conviction following a jury trial on charges of bank fraud and money laundering, in violation of 18 U.S.C. 1344(1) and 1957. He alleges a denial of due process because the district court refused to continue his trial date and did not conduct an adequate hearing on defendant's competency to stand trial.
 
 
 2
 During the pendency of his case in district court defendant resided in Massachusetts but returned to Kansas City for certain court appearances. After several continuances his trial was scheduled to begin on July 6, 1993. When defendant did not appear that morning, his counsel explained that he had been struck by an automobile the previous evening at the Boston airport; defendant had received emergency medical attention at a Boston hospital and had been advised not to travel for three days. The district court then rescheduled the trial to begin on July 9 and requested defense counsel to keep the court informed about the defendant's travel arrangements. The district court again continued the case until July 13 to allow defendant additional time to recover from the accident.
 
 
 3
 On July 13 defendant appeared, but his counsel requested a continuance. Counsel explained that defendant was still suffering from the effects of the accident. The district court thereupon allowed defendant to take the stand where he was questioned by defense counsel and the government. The district court ultimately made findings that
 
 
 4
 although the defendant does testify that his head is killing him, pounding and throbbing, that he passed out or slept on the airplane and threw up last night, that those subjective complaints are not corroborated by any medical evidence or testimony that indicates that the defendant has any inability to assist his counsel and to participate in the defense of the case.... [I]n the absence [of evidence to that effect] the Court has to be guided by what it sees and hears here in the courtroom.
 
 
 5
 III R. Supp. 9-10. The court then recited specific observations from the brief evidentiary hearing. It commented that defendant appeared alert, made good eye contact, remembered names, seemed able to concentrate and respond to questions, and testified he could hear and understand questions. Defendant had stated that he was suffering from severe headaches, but also that the pain was getting better and he was not taking mind altering drugs. Id. at 6-8.
 
 
 6
 Defendant's testimony was the only evidence presented in support of this latest request for continuance; defense counsel offered no medical reports to support the assertion that the defendant was not able to proceed with trial. The district court concluded that defendant had not established that he was unable to proceed with trial. At the close of the evidence at the trial itself, the court noted on the record that during the four days of trial defendant did not request breaks or otherwise report through his counsel that his condition had deteriorated, and that the court had observed nothing to lead it to believe defendant had any physical or mental difficulties during the trial. IV R. Supp. 414-15.
 
 
 7
 The standard to determine a defendant's competence to stand trial is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960) (per curiam); Lafferty v. Cook, 949 F.2d 1546, 1550 (10th Cir.1991), cert. denied, 112 S.Ct. 1942 (1992). When, as here, the district court held an evidentiary hearing but not a competency hearing pursuant to 18 U.S.C. 4241, we focus on whether the district court should have reasonably doubted the defendant's competence to stand trial. United States v. Crews, 781 F.2d 826, 833 (10th Cir.1986). A district court is not required to hold a 4241 hearing in the face of evidence that a defendant is competent to proceed with trial. Id. (citing United States v. Dunn, 594 F.2d 1367, 1372 (10th Cir.), cert. denied, 444 U.S. 852 (1979)).
 
 
 8
 We have read the record and briefs on appeal and agree with the evaluation of the district court. The only basis for questioning defendant's competency was his testimony of current headache discomfort and alleged difficulty concentrating, uncorroborated by any medical reports or expert testimony. This subjective data falls short of establishing the need for a more extensive competency hearing. Indeed, defendant did not request the taking of additional evidence; he only requested a continuance. The standard of review for denial of a continuance is abuse of discretion. United States v. Wynne, 993 F.2d 760, 767 (10th Cir.1993). We hold that the court's denial of a continuance on the meager facts presented by defendant was not an abuse of discretion.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470